UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY CORRAL,** | ) | CASE NO. 1:24CV1559 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| **CUYAHOGA COUNTY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Verified Complaint of Plaintiff Kimberly Corral and the Emergency Motion (ECF DKT #4) for Temporary Restraining Order and Preliminary Injunction.  For the following reasons, the Motion is denied.  The Court also requires further briefing as outlined below.

### **I. BACKGROUND**

Plaintiff brings this action to enforce the Fifth and Sixth Amendment rights of an "indeterminate" number of her clients and "prospective" clients.  The Complaint involves the issuance of a subpoena to "GTL/ViaPath," a telecommunications company that provides inmate calling services to various correctional facilities, including those under the purview of the Ohio Department of Rehabilitation and Corrections ("ODRC").  GTL/ViaPath electronically stores recordings of calls made by and to inmates.  The City of Cleveland Defendants, in Northern District of Ohio Case No. 20-660 (assigned to Judge David Ruiz), issued subpoenas for recordings of calls placed by any inmate from 2012 to the present to five phone numbers, four of which belong to this Plaintiff or to her law firm.  Allegedly, those subpoenas were withdrawn by

agreement. The current lawsuit claims that a similar subpoena has now been issued by the Cuyahoga County Prosecutor's Office and served upon GTL/ViaPath. Plaintiff alleges that issuance of the subpoena, potential enforcement of the subpoena and receipt and review of the recorded calls constitute violations of the attorney-client privilege and of Plaintiff's clients' federal constitutional rights.

According to the Verified Complaint, Plaintiff is unaware of whether the relevant subpoena has been or is in the process of being complied with, or the exact materials which are sought. Moreover, Plaintiff alleges that the Prosecutor's Office will neither confirm nor deny the existence of the subpoena. Plaintiff has not seen the subpoenas nor provided them to the Court.

Plaintiff moves for an Emergency Motion for Temporary Restraining Order and a Preliminary Injunction. (ECF DKT #4). Plaintiff requests an order prohibiting the Cuyahoga County Prosecutor's Office from seeking enforcement of — and/or reviewing any materials produced in response to — the subpoena *duces tecum* served upon GTL/ViaPath. Further, Plaintiff asks that the Cuyahoga County Prosecutor's Office be enjoined from issuing any further subpoenas seeking conversations, documents or materials involving Plaintiff which are protected by attorney-client privilege.

On September 16, 2024, the Cuyahoga County Defendants filed a responsive brief (ECF DKT #5) asking the Court to deny the Motion and dismiss the case.

## II. LAW AND ANALYSIS

**Injunctive Relief**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. See *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant injunctive relief: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction.  See *Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced.").  While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish their case by clear and convincing evidence.  See *Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998), citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968).

Since the Court finds that Plaintiff has not established a strong likelihood of success on the merits by clear and convincing evidence, her request for extraordinary equitable relief fails.

The privilege belongs to the client and not to the attorney and it is the client's privilege to waive.  See, *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998).

In any event, the fact that inmates' calls are monitored and recorded defeats the attorney-client privilege because the otherwise confidential conversations are disclosed to third parties. According to Defendants (ECF DKT #5 at 11), an example of the notification given to prison inmates is as follows:

>This call is from a DRC Correctional Facility and is subject to monitoring and recording, utilization of an unapproved application and 3-way calls to communicate are strictly prohibited and a violation of DRC policy. Thank you for using GTL.

Further, in *United States v. Adams*, 321 F.App'x 449, 462 (6th Cir. 2009), the Sixth Circuit held that inmates "could not have expected privacy where a message at the start of every telephone call informed the inmates that they had no right to privacy and that their conversation was being recorded and possibly monitored."

Plaintiff has not identified any of her clients and claims to be enforcing the rights of her clients, future clients and prospective clients. This is far from particularized, clear evidence; and the U.S. Supreme Court has held that attorneys lack third-party standing to bring an action on behalf of hypothetical future clients. *Kowalski v. Tesmer*, 543 U.S. 125 (2004).

The challenged subpoena is directed at GTL/ViaPath, and not to either Plaintiff or her clients. In carrying out its duties, the grand jury may compel the attendance of witnesses and the presentation of documents. *In re Klausmeyer*, 24 Ohio St. 2d 143 (1970). In addition, Plaintiff is unable to clarify what information the subpoena seeks to be produced because she admits that she has not seen it.

Plaintiff has not satisfied her burden of establishing that she will suffer irreparable harm. Again, the privilege is not hers to protect and Plaintiff has not shown that her clients are barred from defending their own constitutional and privilege rights. Plaintiff alleges that four out of five of the telephone numbers connected to the recorded calls belong to her or to her firm. So, she is without any right to litigate on behalf of the owner of at least one telephone number. Plaintiff's purported challenge to the subpoena can be raised in state court by way of a motion to

quash; thus, an available remedy at law exists.

A temporary restraining order should not be granted if substantial harm will be caused to others. The information surrounding the Cuyahoga County grand jury proceedings remains confidential; but this Court must not interfere with the State of Ohio's overarching ability to, and interest in, prosecuting crimes within its jurisdiction. Similarly then, denial of Plaintiff's request for injunctive relief will serve an important public interest.

Plaintiff makes sweeping, vague claims for relief on behalf of all her incarcerated clients and/or prospective clients. Even though couched as a Verified Complaint, Plaintiff has failed to offer clear and convincing evidence establishing a likelihood of success on the merits of her claims.

### III. CONCLUSION

For these reasons, the Emergency Motion (ECF DKT #4) of Plaintiff Kimberly Corral for Temporary Restraining Order and Preliminary Injunction is denied.

In light of the finding that privilege does not exist, and because the Court may satisfy itself that subject matter jurisdiction exists at any point in the litigation, the Court orders Plaintiff to submit a brief in support of Article III Standing/Subject Matter Jurisdiction by Friday, September 20, 2024, at 4:00 p.m. Defendants may submit any further briefing in opposition by Tuesday, September 24, 2024 at 12:00 noon, or stand on their current filing (ECF DKT #5).

**IT IS SO ORDERED.**

DATE: 9/17/2024      s/Christopher A. Boyko
　　　　　　　　　　　　**CHRISTOPHER A. BOYKO**
　　　　　　　　　　　　**United States District Judge**